NOT FOR PUBLICATION                                                                                    CLOSED

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

_____

SURJIT SINGH,                                       :

                Petitioner,            :         Civil Action No. 14-3862 (SRC)

                v.                            :

ERIC H. HOLDER, JR., et al.,             :         **OPINION**

                Respondents.       :
_____

**CHESLER, District Judge:**

      Petitioner, a removal-period detainee and native/citizen of India, filed a § 2241 petition ("Instant Petition") and submitted the filing fee. See ECF No. 1. Relying on Zadvydas v. Davis, 533 U.S. 678 (2001), he seeks release from confinement. See id. He: (a) asserts that his order of removal was entered seven months ago and finalized on December 5, 2013; and (b) attaches three letters stating that he has good character and came to this country since he "feared for his safety [in India] and decided to come to the United States for a better opportunity." ECF Nos. 1 and 1-2. Prior to filing the Instant Petition, he filed an identical § 2241 petition ("Prior Petition"). See Singh v. Holder, Civil Action No. 14-3272 (SRC), ECF No. 1. Addressing the Prior Petition, this Court explained the governing legal regime, including Zadvydas. See id. ECF No. 2, at 1-2 ("[A]fter . . . 6-month [in removal detention, but only if] the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. . . . This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined

that there is no significant likelihood of removal in the reasonably foreseeable future." (quoting Zadvydas 533 U.S. at 701)). In light of: (a) Petitioner's failure to shift the burden; and (b) the fact that his 6-month presumptive period was then-running and expected to "expire only on June 5, 2014," the Court denied the Prior Petition, see id. at 2; see also id. ECF No. 3, and guided:

> even after June 5, 2014, [Petitioner] could be entitled to relief *only of he asserts facts showing that there is no significant likelihood of removal to India in the reasonably foreseeable future*.

Id. ECF No. 2, at 2 (emphasis supplied).

Notwithstanding this guidance, Petitioner executed the Instant Petition on June 10, 2014, claiming that he has become entitled to relief because his removal-period detention exceeded the presumptive six-month period by mere five days. See Instant Matter, ECF No. 1. Yet, as this Court already explained, "[the] 6-month presumption . . . does not mean that [Petitioner] must be released after [spending] six months [in removal-period detention]. To the contrary, [he] may be held in confinement until it [this Court can] determine[] that there is no significant likelihood of [his] removal [to India] in the reasonably foreseeable future." Zadvydas 533 U.S. at 701.[1]

---

[1] Thus, the mere fact that he was not removed to India within five days after his presumptive period expired cannot shift the burden to the Government. While the length of Petitioner's removal-period detention is a relevant factor for the purposes Zadvydas, without facts showing that there is no significant likelihood of his removal to India in the reasonably foreseeable future, this sole factor may shift the burden to the government only if Petitioner's detention becomes truly prolonged. See Alexander v. AG of United States, 495 F. App'x 274, 276-77 (3d Cir. 2012) (per curiam) ("Zadvydas . . . suggests that an inversely proportional relationship is at play, [i.e.,] the longer an alien is detained, the less [others facts showing a lack of significant likelihood of his removal] he must put forward to obtain relief") (citation omitted). As this Court already stated in its decision addressing the Prior Petition, unless Petitioner's detention becomes *truly* prolonged, he may obtain relief under Zadvydas "only if he asserts facts showing that there is no significant likelihood of removal to India in the reasonably foreseeable future," Singh, Civil Action No. 14-3272 ECF No. 2, at 2, e.g., if he offers to this Court an official statement from the Indian government either generally declining acceptance of its citizens or specifically refusing to accept Petitioner, etc.

2

To the extent Petitioner challenges his removal because he fears being returned to India, this Court is without jurisdiction to address that claim since § 1252(g), as amended by the REAL ID Act, Pub L. No. 109-13, 119 Stat. 231 (2005), bars review of removal matters by district courts.  See Chehazeh v. AG of the United States, 666 F.3d 118, 134 (3d Cir. 2012) (citing Reno v. American-Arab Anti-Discrimination Comm., 525 U.S. 471, 482 (1999)).  Thus, the Instant Petition will be dismissed without prejudice to Petitioner's commencing a new § 2241 matter if he develops facts warranting relief under the test set forth in Zadvydas, as explained here and in this Court's previous decision addressing the Prior Petition.

An appropriate Order follows.

    /s Stanley R. Chesler
**STANLEY R. CHESLER,**
**United States District Judge**

Dated: June 24th, 2014

3